IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01974-BNB

RANDY D. TALLENT,

    Plaintiff,

v.

LARIMER COUNTY DETENTION CENTER,
SHERIFF JIM ALDERDEN,
DEPUTY E. McDOWELL,
DEPUTY J. COLKINS,
DEPUTY T. COLVIN,
DEPUTY SANKS,
DEPUTY NAIL,
DEPUTY LT. McCASH,
DEPUTY CPL. HARDEKER,
DEPUTY SGT. VAN FLEETS,
DEPUTY MARTIN,
DEPUTY SCHLEGAL, and
DEPUTY ROMERO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 22 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Randy D. Tallent currently is detained at the Larimer County Detention Center in Fort Collins, Colorado. On October 22, 2008, Plaintiff submitted to the Court a properly completed Prisoner Complaint form. In the Complaint, Mr. Tallent asserts jurisdiction over his claims under 42 U.S.C.§ 1983, 28 U.S.C. § 1343, and state law. The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint at any time if the claims asserted are frivolous or if the action fails to state a claim. A legally frivolous claim is one in which a plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint and action as legally frivolous.

In the Complaint, Mr. Tallent alleges three claims. In Claim One, he asserts that on May 9, 2008, Deputy E. McDowell and Deputy J. Colkins opened his legal mail outside of his presence. Plaintiff further asserts that he filed a grievance on three occasions regarding the opening of the legal mail but was not able to exhaust his administrative remedies. He also asserts that he also grieved his inability to exhaust his remedies. He further states that on at least two occasions he was able to successfully exhaust his remedies, but to do so he had to identify each grievance by number and include in the appeal the name of the person to whom the appeal would be directed. Plaintiff also states that on at least two occasions, when he was able to exhaust his remedies by appealing his grievance to Defendant Sheriff Jim Alderden, Defendant Alderden stated, apparently in his response, that he had more pressing issues than to "deal with" Plaintiff's claim. (Compl. at Attach.)

In Claim Two, Plaintiff asserts that on June 8, 2008, Defendant Deputy Colvin asked him to remove the tissue paper that Plaintiff had placed over the speaker located

2

in his cell. Plaintiff states that when he explained to Defendant Colvin he knew the tissue paper was a rule violation but that he was asserting his right to an expectation of privacy, Defendant Colvin put on a pair of black leather gloves and called on his portable radio to the main control to open Plaintiff's door. Plaintiff further states that when the cell door opened he grabbed the door and shut it. Plaintiff also contends that Defendant Colvin again had the door opened by main control and entered Plaintiff's cell shoving Plaintiff against the sink causing him to fall over the toilet and that Defendant Colvin then removed the tissue from the speaker, jerked Plaintiff to his feet, dragged him to the cell door, and called a "code" over the intercom. (Compl. at Attach.) Plaintiff further contends that seven to nine deputies responded, and he subsequently was cuffed and removed to another cell.

Also in Claim Two, Plaintiff asserts that he attempted to file charges against Defendant Colvin and to file grievances regarding the alleged excessive force incident. Plaintiff contends that at first he was denied grievances and was told he was not able to file charges against Defendant Colvin. Plaintiff further asserts, however, that he did file grievances and that he submitted a statement to the Sheriff's Department regarding the incident with Defendant Colvin. He also states that the deputies who attempted to investigate the incident were the same individuals who sat on the hearing board, apparently regarding the incident with Defendant Colvin. Plaintiff further states that he did not attend the hearing because he was not allowed to have an attorney present, and that he also requested an attorney be present during the interview by the investigating deputies, but the deputies disregarded his request and simply returned him to his cell without conducting the interview. Plaintiff contends that an outside

3

investigator should have been consulted to conduct an investigation into the incident with Defendant Colvin.

As for Plaintiff's legal mail claim, he must assert that the isolated incident of opening his legal mail outside his presence was based on an improper motive by Defendants McDowell and Colkins or resulted in a denial of access to the courts. ***Smith v. Maschner***, 899 F.2d 940, 944 (10th Cir. 1990). Mr. Tallent fails to assert either an improper motive or a denial of access to the courts. The claim is legally frivolous and will be dismissed.

With respect to Plaintiff's excessive force claim, the core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. ***See Clemmons v. Bohannon***, 956 F.2d 1523, 1527 (10th Cir. 1992). "[T]he Eighth Amendment, which specifically is concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners." ***Whitley v. Albers***, 475 U.S. 312, 327 (1986); ***see also Adkins v. Rodriguez***, 59 F.3d 1034, 1037 (10th Cir. 1995) (noting that the Eighth Amendment is the explicit textual source of constitutional protection in the prison context).

To establish liability under the Eighth Amendment, Mr. Tallent must show in part that Defendants acted with deliberate indifference to his health or safety. ***See Farmer v. Brennan***, 511 U.S. 825, 834 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of

serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

A prison guard's use of force amounts to cruel and unusual punishment "only if it involves 'the unnecessary and wanton infliction of pain.' " ***Sampley v. Ruettgers***, 704 F.2d 491, 495 (10th Cir. 1983) (citing ***Gregg v. Georgia***, 428 U.S. 153, 173 (1976)); **see also** ***Hudson v. McMillian***, 503 U.S. 1, 9-10 (1992) ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition ***de minimis*** uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks omitted)). Three factors are pertinent to review of excessive force claims: (1) whether the guard intended to harm the prisoner; (2) whether the guard used more force than is reasonably necessary to maintain or restore discipline; and (3) whether the guard's actions caused the prisoner severe pain or lasting injury. ***Sampley***, 704 F.2d at 495-96.

With respect to Mr. Tallent's claim that Defendant Colvin shoved him, jerked him to his feet, and dragged him to the door of his cell, he fails to allege any facts that meet the three factors required for excessive force claims. Although he states that when he fell over the toilet he experienced great pain, he does not allege any lasting physical injury. He also does not assert that Defendant used more force than reasonably necessary or that he intended to physically harm him. Simply because Defendant Colvin placed leather gloves on his hands does not indicate that he intended to physically harm Plaintiff. Also, the fact that Mr. Tallent fell backwards as a result of the shove does not indicate that Defendant Colvin intended to physically harm him. Mr.

5

Tallent does not state that Defendant Colvin attacked him, struck him, or physically harmed him other than the shoving, the grabbing of his shirt, and the dragging him to the cell door. The alleged incident does not rise to the level of a constitutional deprivation.

Even if the Court were to conclude that Defendant Colvin's acts amounted to gross negligence, the constitutional claim still must be dismissed because deliberate indifference requires a higher degree of fault than gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990).

As for to Plaintiff's claim regarding the alleged refusal or denial by prison staff to process his grievances, Mr. Tallent concedes that he was able to exhaust his remedies if he identified each grievance by number and included in the appeal of the grievance the name of the person to whom the grievance was to be given at the next appeal level. These requirements do not appear to be so onerous to state a claim of violation of Plaintiff's First or Fourteenth Amendment rights. To the extent Mr. Tallent claims a violation of his due process rights simply because he did not like the response he received from the sheriff, his claims is meritless. Plaintiff's grievance claim is legally frivolous and will be dismissed.

Furthermore, the Court finds that Plaintiff does not have a constitutional right to be represented by an attorney either at a disciplinary hearing or during an interview that is held as part of an investigation of an inmate's complaint. The Court also finds that Plaintiff does not have a constitutional right, per se, to have an outside party investigate a claim regarding the conditions of his confinement.

As for any state law claims that Plaintiff seeks to raise, the Court declines to assert supplemental jurisdiction over the claims because the constitutional claims over which the Court has original jurisdiction will be dismissed as legally frivolous. *See* 28 U.S.C. § 1367(c)(3). Accordingly, it is

ORDERED that the Complaint and the action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Plaintiff's Motion for Restraining Order, (Doc. No. 19), filed on November 18, 2008, is denied as moot.

DATED at Denver, Colorado, this 19 day of December, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01974-BNB

Randy D. Tallent
Larimer County Det. Facility
2405 Midpoint Drive
Fort Collins, CO 80525

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/22/08

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk